## The People *v.* Laborde et al.

### Appeal from the District Court of Arecibo.

No. 28.—Decided December 4, 1905.

Criminal Law—Bill of Exceptions—Judgment Contrary to the Evidence.—
The facts which, in the judgment of the inferior court, are deemed to have
been proved have in their favor the presumption that they are in conformity
with the result of the trial, and this presumption cannot be disregarded if,
where the objection is based upon the insufficiency of the evidence, the par-
ticulars showing such insufficiency are not set forth, and the exceptions are
not set forth in a bill of exceptions containing the particular portion of the
evidence necessary to present the same for decision.

Id.—Stenographer's Notes.—The stenographer's notes containing the testimony
of witnesses cannot serve as the basis for a consideration of the evidence
taken at the trial, inasmuch as such notes cannot be used as a substitute for
a bill of exceptions.

Id.—Statement of Facts.—Where the findings on the evidence are attacked on
appeal, it is necessary that the facts upon which the objection is based be
submitted to the consideration of the appellate court in a clear and concise
manner, with the concurrence of the opposite party or the approval of the
trial judge.

Obligations—Penal Clause—Civil and Penal Action.—The bonds required
by the Treasurer of Porto Rico, in accordance with the provisions of section
358 of the Political Code—that is to say, bonds to guarantee a faithful com-
pliance with the Internal Revenue Laws—are not only for the purpose of
securing payment for damages and losses which The People of Porto Rico
might suffer, but, on the contrary, they are contracts which must be complied
with in their entirety; and a violation of any of the stipulations therein con-
tained and accepted by the parties, freely and unreservedly, renders the total
amount fixed by the penal clause therein contained demandable, even where
the person committing such violations has been criminally prosecuted and
convicted, and the provisions of section .44 of the Penal Code are not a bar
to the application of this rule.

The facts are stated in the opinion.

*Mr. Diaz Navarro* for appellants.

*Mr Rossy, fiscal,* for respondent.

Mr. Justice Figueras delivered the opinion of the court.

The People of Porto Rico, represented by the *fiscal* of the
district of Humacao, brought an action in said court against
Osvaldo Laborde and two others for the recovery of $1,500,
which they had agreed to pay the Insular Treasury if Osvaldo

Laborde failed to comply with the provisions of the Internal Revenue Law in the distillation of rum in the distillery which they had established on the "Maria Teresa" estate in the municipal district of Camuy.

The document setting out the obligation contracted, according to the complaint, reads as follows:

"*Internal Revenue Tax.*—Distiller's bond.  Know all men by these presents, That we, Osvaldo Laborde, as principal, and Primo F. Roman and José Machado, as sureties, are held and firmly bound unto The People of Porto Rico in the full and just sum of $1,500, lawful money of the United States, to which payment, well and truly to be made, we bind ourselves jointly and severally, our joint and several heirs, executors and administrators, firmly by these presents.

"In witness whereof we have hereunto subscribed our names and severally acknowledged this bond, this 22d day of October, 1903, in San Juan, Porto Rico.

"The conditions of the foregoing obligation are such: That whereas the said Osvaldo Laborde is now engaged in the distilling of rum, and intends to continue in the manufacture thereof, within the municipality of Camuy, Porto Rico, the firm name under which said rum is manufactured being Osvaldo Laborde and the trade-mark or brand used on said rum being the same.

"Now, therefore, if the said Osvaldo Laborde shall pay or cause to be paid, as prescribed by the Revenue Laws of Porto Rico, in accordance with an Act of the Legislative Assembly of Porto Rico, approved January 31, 1901, and entitled 'An Act to provide revenues for The People of Porto Rico and for other purposes,' the sum of 60 cents for every gallon of rum, or bay rum, and the sum of 80 cents for every gallon or fraction of a gallon of other distilled spirits manufactured at the said distillery for sale or consumption in Porto Rico, by the affixture and cancellation of internal revenue stamps to stub invoices in amount sufficient to pay the tax on all rum or other distilled spirits shipped from said factory at the time of shipment, in the manner heretofore or hereafter provided by the Treasurer of Porto Rico, in regulations issued for the guidance of distillers in the stamping of invoices and shipments of rum or other distilled spirits; and shall correctly enter in a register or stock-book provided by the Treasurer the exact quantity of rum or other distilled spirits in stock in said factory on the date of receipt of said register; and shall from day to day punctually and correctly enter in said register the exact

quantity of rum or other distilled spirits manufactured during the preceding twenty-four hours; and shall promptly, at the time of shipment of each invoice of rum or other distilled spirits, attach to the bill of lading or deliver to the carrier of said articles so shipped the stamped invoice for the same for delivery to the consignee, and shall enter in said register a full descirption of the articles shipped, number of invoice, date of shipment, value of articles, name and address of consignee, and the value of stamps affixed and cancelled in each case; and shall enter in said register the date and amount of each purchase of internal revenue stamps and place of purchase; and shall promptly, on the first day of each month, transmit to the Treasurer of Porto Rico a true and complete summary of all the entries made in said register during the preceding month; and shall allow revenue agents of the Treasury Department free entry to said distillery, and shall allow them full opportunity for the inspection of all books, accounts, and of all rum or other distilled spirits in stock, and of the stills and all the machinery, and free entry to and inspection of all the buildings and enclosures within said distillery premises, and shall true answers make to all questions asked by said agents connected with the manufacture and shipment of rum or other distilled spirits in or from said distillery; and shall in general faithfully and fully comply with all of the provisions of the Revenue Laws of Porto Rico, and with the rules and regulations heretofore or hereafter issued by the Treasurer of Porto Rico for the enforcement of said Revenue Laws and in conformity therewith; and shall, furthermore, not suffer the lot, tract of land, on which the said distillery stands, or any part thereof, or any of the machinery or material used in the manufacture of the rum or other distilled spirits or any stocks of rum or other distilled spirits on hand, to be encumbered by mortgage, judgment, or other lien, during the time in which he shall carry on said distillery; then this obligation shall be void; otherwise it shall remain in full force."

The facts are substantially embodied in the decision appealed from, which reads as follows:

"*District Court of Arecibo, P. R.*—Present: Joseph R. F. Savage, judge. *The People of Porto Rico*, plaintiff, v. *Osvaldo Laborde, Primo F. Roman, and José Machado*, defendants. Judgment. This case having been called for trial in this court, at which appeared Pedro de Aldrey, *fiscal* of this district, on behalf of the plaintiff, and Attorney Herminio Diaz Navarro, representing the defendants; the

court having heard all the evidence submitted, which it has considered in conjunction with the records and documents attached; and after having heard the arguments of counsel for both parties, and the case having been submitted to this court for judgment, the court finds the following facts:

"1. That on October 22, 1903, in Camuy, P. R., Osvaldo Laborde, as principal, and Primo F. Roman and José Machado, as sureties, executed an obligation or bond obligating themselves to pay to The People of Porto Rico the sum of $1,500, under the condition, among others: 'that if said Osvaldo Laborde shall pay or cause to be paid * * * the sum of 60 cents for every gallon or fraction of a gallon of rum or bay rum * * * distilled, manufactured and shipped at the said distillery for sale or consumption in Porto Rico, by the affixture and cancelation of internal revenue stamps to stub invoices in amount sufficient to pay the tax on each gallon of rum or other distilled spirits shipped from said factory at the time of shipment,' such obligation shall be void; but otherwise it shall remain in full force.

"2. That the said Osvaldo Laborde has a distillery installed on the "Maria Teresa" estate, in the municipal district of Camuy.

"3. That on December 19, 1903, said Osvaldo Laborde shipped from said distillery 5 gallons of rum without having affixed and cancelled, at the time of shipment, internal revenue stamps to the stub invoice in amount sufficient to pay the taxes.

"From the above facts the court reaches the following conclusions of law:

"1. That the moment said Osvaldo Laborde failed to comply with the condition of the obligation, said Osvaldo Laborde, as principal, and Primo F. Roman and José Machado, as sureties, became liable for the payment of the obligation to The People of Porto Rico.

"2. That the plaintiff, The People of Porto Rico, is entitled to judgment from this court adjudging the defendants, Osvaldo Laborde, Primo F. Roman, and José Machado, jointly and severally, to pay to said plaintiff the sum of $1,500, with the costs.

"And it is ordered that judgment be rendered in accordance with this decision.—Arecibo, P. R., February 3, 1905. Joseph R. F. Savage, judge."

The appellant in his brief alleges the following grounds of error:

"First. That the judgment is based on the fact that Laborde had not paid the internal revenue tax, when it was proved at the trial that he had paid it."

If the judgment finds that the tax was not paid, the presumption is in its favor that such was the result of the debates and the trial held, and none other, and there is no way of attacking such presumption now, when for the purpose of questioning the evidence in this appeal the method prescribed by Chapter V of the Code of Civil Procedure, which treats of exceptions, has not been employed. Section 214 provides:

"When the exception is based upon the ground of the insufficiency of the evidence to sustain it, the objection must specify the particulars in which such evidence is alleged to be insufficient. The objection must be stated, with so much of the evidence or other matter as is necessary to explain it and no more. Only the substance of the reporter's notes of the evidence shall be stated."

This last paragraph of the provision cited excludes the idea that the reporter's notes, that is to say, the testimony of the witnesses taken by this method, which is what has been brought to this appeal without complying with the pertinent provisions of Chapter V of the Code of Civil Procedure, are sufficient to permit of a discussion of the evidence.

There is no objection or exception to the evidence, and therefore it is not possible to form a judgment contrary to the findings of the district court, and it must be concluded that The People of Porto Rico proved that Laborde had not paid the internal revenue tax.

When the findings upon the evidence are attacked in an appellate court, it is necessary that the facts to which the evidence referred should be submitted in a clear and concise manner, with the agreement of the adverse party, if he acknowledges them, and with the approval of the judge who took cognizance of the matter, when this is possible.

The second ground of the brief filed in this Supreme Court alleges that whether the contract of the defendants with the

Insular Treasury be considered a bond or a contract with a penal clause, in neither case could payment be required of the full amount of $1,500 for a violation of any provisions of the Internal Revenue Law. But this may be answered in this way; section 1058 of the Civil Code prescribes:

"Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations."

Section 1120 of said Code provides:

"In obligations with a penal clause the penalty shall substitute indemnity for damages and the payment of interest in case of non-fulfillments, should there be no agreement to the contrary."

Therefore, this action would lie for the enforcement of the pecuniary penalty, and as we must assume that The People of Porto Rico proved its case, as affirmed by the judgment appealed from, we are forced to the conclusion that no error has been committed.

And it cannot be successfully alleged that it is not possible to apply two penalties, that is to say, that which was imposed in the criminal cause which was prosecuted against Laborde for defrauding the public treasury, and that now sought to be imposed in this action. This is not so, and for this reason section 44 of the Penal Code is not applicable, because an act punishable in different ways by different provisions of said code is not involved.

What is involved is a violation of a right which permitted the prosecution of a criminal action for the punishment of the crime and now permits the exercise of a civil action arising from the contract entered into by the defendants for non-compliance with the clauses thereof. In this respect section 2 of the Code of Civil Procedure is specific.

And more especially should this be taken into consideration when it is considered that the criminal action was prosecuted against Laborde, who was the only one responsible for

the fraud, but not against Roman and Machado, who signed with him the contract from which the civil action brought arises. They are, therefore, entirely different cases.

It is also alleged that the purpose of the contract is merely to guarantee the loss which might be caused The People of Porto Rico, but this is not so, because even a superficial study of the contract will show that it contains stipulations the violation of which could never cause appraisable loss or damage; as, for example, a violation of all the rules relating to the mode of keeping the register and stock-book, and everything relating to inspections by agents and permitting their entrance into the distillery.

No; this is a contract which must be complied with in every respect, and a violation of one of the stipulations thereof, which the parties accepted freely and voluntarily, makes the penalty enforceable, unless the nullity of the contract be established on account of the lack of some essential requisite.

Section 358 of the Political Code grants the Treasurer of the Island the power to enter into contracts of this character for the purpose of protecting the internal revenue.

Finally, in civil case number 22, between The People of Porto Rico and Juana and Pascual Borras, decided by this Supreme Court on November 24, 1905, the decision was based on the opinion delivered by Mr. Justice Wolf, in which opinion a large number of precedents from the Supreme Court of the United States were cited confirming the foregoing conclusions.

We refer to that case and the jurisprudence of that high court, as well as to the principle announced in Bishop's New Criminal Law, volume 1, section 266, paragraph 3, also therein cited, which provides:

"One who has borne criminally the full penalty cannot, in a civil proceeding, show this fact either in bar or ordinarily in mitigation of damages."

This principle is the same as that established in section 2 of our present Code of Civil Procedure, above cited.

For these reasons, the judgment of the District Court of Arecibo should be affirmed, with the costs of this appeal against the appellants.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernandez, Mac-Leary, and Wolf concurred.